UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JANICE GUISIHAN,

        Plaintiff,

   v.

COMMUNITY RESIDENTIAL MORTGAGE, INC.; MORTGAGEIT, INC.; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; NDEX WEST LLC.; HSBC BANK USA, N.A., AS TRUSTEES FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES and DOES 1 through 50, inclusive,,

        Defendants.

NO. CIV. 2:10-111 WBS GGH

ORDER

----oo0oo----

On January 14, 2010, defendant MortgageIT, Inc. removed the action to this court, invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, based upon the fact that plaintiffs' claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, alleges, <u>inter alia</u>, violations of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601-2617, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Notice of Removal (Docket No. 1) ¶ 3.)

Plaintiff's complaint does not assert any federal causes of action, although the UCL claim does allege violations of three federal statutes. It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)). Instead, the federal question must be "a *necessary* element of the well-pleaded state claim" or the plaintiff's right to relief must rely on the resolution of a substantial, disputed question of federal law. Lippitt, 340 F.3d at 1042.

Plaintiff's UCL claim does not require proof of a violation of RESPA, TILA, or the ECOA. Rather, plaintiff only needs to show that defendants engaged in a business practice that was unlawful or "unfair" because it offends an established public policy, is immoral, unethical, oppressive, injurious to customers, or unscrupulous. Wilmer v. Sunset Life Ins., 78 Cal. App. 4th 952, 964 (2000); People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (1984). Since plaintiff can prove all her claims independently under state law, an application of federal law is not a substantial or "necessary element" of the claims. See Fardella v. Downey Sav. & Loan Ass'n, No. 00-4394, 2001 WL 492442, at *3 (N.D. Cal. May 9, 2001)

(finding no federal question jurisdiction because plaintiff could prove allegedly unfair broker rebate violated California law independently of RESPA or TILA).

IT IS THEREFORE ORDERED that within ten days of the date of this Order, the parties shall file briefs to show cause why this action should not be remanded to state court.

IT IS FURTHER ORDERED that defendants' pending motions to dismiss and strike are taken under submission without the necessity of oral argument.

DATED: February 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE