Mark T. Flewelling (#96465)
mflewelling@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
Tel: (626) 535-1900; Fax: (626) 577-7764

Attorneys for Defendants
AMERICA'S SERVICING COMPANY, a division
of WELLS FARGO BANK, N.A. ("Wells Fargo") and HSBC BANK
USA, N.A. as trustees for MORTGAGEIT SECURITIES
CORP. Mortgage Loan Trust, Series 2007-1, Mortgage
Pass-Through Certificates ("HSBC")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JANICE GUISIHAN,<br><br>           Plaintiff,<br>    vs.<br><br>COMMUNITY RESIDENTIAL MORTAGE, INC.; MORTGAGEIT, INC.; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; NDEX WEST L.L.C.; HSBC BANK USA, N.A., AS TRUSTEES FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES AND DOES 1-50, inclusive<br>           Defendants. | Case No: 2:10-cv-00111-WBS-GGH<br><br>Assigned to the Honorable William B. Shubb; Courtroom 5<br><br>**DEFENDANTS ASC AND HSBC'S RESPONSE TO ORDER TO SHOW CAUSE RE REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Removal Date:   January 14, 2010<br>Trial Date:        None Set |

## 1. INTRODUCTION

On January 14, 2010, defendant MortgageIT removed this case pursuant to 28 U.S.C. §§1331 and 1441.  The federal questions -- RESPA, 12 U.S.C. § 2601 *et seq*; TILA, 15 U.S.C. § 1601 *et seq*; and ECOA, 15 U.S.C. § 1691, *et seq.* --  were all artfully embedded in the fourth claim for Business and Professions Code 17200 violations. (Comp. ¶¶ 65-68) [1]

Citing *Lippett v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003), this Court observed in its OSC that "the federal question must be 'a necessary element of the well-pleaded state claim or the plaintiff's right to relief must rely on the result of a substantial, disputed question of federal law." (Docket 18 at 2:16). The Court then concludes that [s]ince plaintiff can prove all her claims independently under state law, an application of federal law is not a substantial or 'necessary element' of the claims." (Docket 18 at 2:24-28).

## 2. FACED WITH A SIMILAR JURISDICTIONAL QUESTION, THE NORTHERN DISTRICT RETAINED JURISDICTION.

In *Nat'l Credit Reporting Ass'n v. Experian Info. Solutions, Inc*., 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004), plaintiff's complaint consisted of a single cause of action under § 17200 with an underlying mixture of state and federal claims.  Plaintiff there alleged that defendants' "wrongful conduct . . .violate[d] state and federal antitrust laws and . . . significantly threaten[ed] to harm competition in the credit information industry."  *Nat'l Credit Reporting Ass'n*, 2004 U.S. Dist

---

[1] Defendants ASC and HSBC were not named in the fourth claim for §17200 violations. Rather, the claim is "[a]gainst COMMUNITY, MORTGAGEIT, and their successors in interest." (Comp. pg. 11).
However, plaintiff incorporates the UCL claim by reference into the sixth through ninth and twelfth through seventeenth claims for relief that do name ASC and HSBC.  The lead paragraph in each of these claims "[r]ealleges and incorporates by reference all prior paragraphs, inclusive, as though fully set forth herein." (for example, Comp. ¶74).
Since plaintiff incorporates, "as though fully set forth herein," the embedded federal claims in six later claims that name ASC and HSBC, defendants join in MortgageIT's response to the OSC and add this further briefing.

LEXIS at *3. Plaintiff added that "Defendants' unfair, unlawful *and* deceptive business acts and practices described herein present a continued threat to all California consumers." *Id*. at *4.

The *Nat'l Credit* Court points out that plaintiff made a *voluntary* election in its UCL claim:

> "[P]laintiff has borrowed federal antitrust laws. Plaintiff has alleged that 'defendants' wrongful conduct described above (i) violated state *and* federal antitrust laws' (Compl. P.56). At the hearing, plaintiff's counsel clarified that the phrase 'federal antitrust laws' refers to the Sherman Act. ***As the master of its complaint, plaintiff could have avoided any issue of federal question and, instead, could have simply borrowed state antitrust laws. But it did not.*** Rather, plaintiff's claim for unlawful business practices necessarily rests on questions of federal antitrust law." *Id.* at *8-9 (emphasis added).

Plaintiff in *Nat'l Credit* argued that the complaint's reference to "federal antitrust laws" was merely "incidental," and not an integral part of its §17200 claim. *Id*. at *13. The court disagreed, emphasizing that plaintiff asserted a UCL violation based on "unlawful business practices" (i.e. antitrust violations) *in addition to* allegations of "unfair and deceptive business practices." *Id*. The court reiterated that the alleged unlawful business practices rested upon a determination of federal law. *Id*. at *14.[2]

Likewise, "as the master of [her] complaint," plaintiff here made a voluntary choice to include express references to alleged TILA, RESPA and ECOA violations that not only fall under the 17200 claim but also permeate the later claims for relief that name ASC and HSBC.

For example:

### A.   <u>Ninth Claim For Relief to Set Aside Trustee's Sale.</u>

Plaintiff names "all defendants" and incorporates the RESPA (¶65), TILA (¶68) and ECOA (¶67) claims by reference in paragraph 90. At paragraph 91, plaintiff

---

[2]   The Court seems to qualify its ruling: by alleging acts of "unilateral, monopolization conduct," the plaintiff could not have avoided references to federal antitrust law. *Id*. at *9.

1  alleges a single reason to set aside the trustee's sale: "[t]he trust deed was invalid
2  because the amount stated on the Trustee Deed included the unconscionable and
3  illegal yield spread premium…"
4      This claim appears linked to the RESPA allegation:

> "The Real Estate Settlement Procedures Act (RESPA) provides that 'no person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, and or otherwise, that business incident to or part of a real estate settlement service…" (Compl. ¶65).

While plaintiff asserts claims about loan fees elsewhere in the complaint (¶¶25, 26), yield spread premium disputes are often treated as RESPA claims. *Bezverkhova v. Cal-Western Reconveyance Corp.* 2009 U.S. Dist. LEXIS 115469 (E.D. Cal Dec 10, 2009; plaintiff alleged the defendant bank violated RESPA by failing to disclose yield spread premiums).

### B.  Twelfth Claim for Relief: Cancellation of Void Instrument.

Plaintiff likewise names "all defendants" in this cause of action that seeks to cancel the deed of trust and loan agreement. According to plaintiff, the instruments "are illegal, unconscionable, and were procured by fraud, and are thus void and/or voidable as detailed herein above." (Compl. ¶10).

"Herein above" includes paragraph 68 of the complaint, which alleges a TILA violation:

> "Upon information and belief, Defendants COMMUNITY and MORTGAGEITS actions also violated the Truth in Lending Act because they used an improper, unverified and stated income to verify the loan and their fraudulent acts led to a failure to disclose the proper terms of the loan to Plaintiff."

Plaintiff seeks to rescind the loan in both these claims. A TILA violation, of course, carries a rescission right. 15 U.S.C. §1635. Assuming the twelfth claim seeks a rescission based on a purported TILA violation, then federal law is a substantial or "necessary element" of the claim. Even if plaintiff seeks to rescind the loan based on the incorporated common law fraud claims, plaintiff, as the "master of (her) complaint," has inextricably intertwined those claims with the TILA allegations in paragraph 68.

### 3. CONCLUSION

For the foregoing reasons, defendants ASC and HSBC urge the court to retain jurisdiction.

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN, LLP

March 8, 2010

/s/ Mark T. Flewelling
Mark T. Flewelling
mflewelling@afrct.com
Attorneys for Defendant
AMERICA'S SERVICING COMPANY, a division of WELLS FARGO BANK, N.A. ("ASC") and HSBC BANK USA, N.A. as trustees for MORTGAGEIT SECURITIES CORP. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates ("HSBC")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the following document: **DEFENDANTS ASC AND HSBC'S RESPONSE TO ORDER TO SHOW CAUSE RE REMAND** on all interested parties in said case addressed as follows:

☒ **Served Electronically via Court's CM/ECF System**:

Karen A Braje    kbraje@reedsmith.com

Kristine H. Chen    kchen@reedsmith.com, adevor@reedsmith.com

Lorenzo E. Gasparetti    lgasparetti@reedsmith.com, mhong@reedsmith.com

Ronald Veridiano Uy    rvu_lawoffice@yahoo.com

Stevan John Henrioulle    dissolaw@earthlink.net, rvu_lawoffice@yahoo.com

☐ **BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **March 8, 2010.**

_____Nancy Peters_____        _____*Nancy Peters*_____
(Print name)                            (Signature)