UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JANICE GUISIHAN, | NO. CIV. 2:10-111 WBS GGH |
| Plaintiff, | |
| v. | <u>MEMORANDUM AND ORDER RE: REMAND</u> |
| COMMUNITY RESIDENTIAL MORTGAGE, INC.; MORTGAGEIT, INC.; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY; NDEX WEST LLC.; HSBC BANK USA, N.A., AS TRUSTEES FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES and DOES 1 through 50, inclusive, | |
| Defendants. | |

----oo0oo----

In response to the court's February 25, 2010 Order to Show Cause (Docket No. 18), defendants America's Servicing Company and HSBC Bank USA, N.A., as trustees for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage

1

Pass-Through Certificates ("HSBC"), and MortgageIT, Inc. ("MortgageIT") filed briefs in support of the court's continued exercise of jurisdiction over plaintiff's Complaint. (Docket Nos. 20, 21.) Plaintiff did not respond to the court's Order to Show Cause. The court now must decide whether this case should be remanded to state court.

I. Factual and Procedural Background

On February 23, 2007, plaintiff alleges that she entered into a loan with MortgageIT for plaintiff's property at 1891 Leaning Oak Drive, Fairfield, California. (Compl. ¶¶ 1-3.) This loan was secured by two Deeds of Trust on the property. (Id. ¶¶ 2, 21-22.) The first Deed of Trust listed MortgageIT as Lender, Old Republic Title Company ("Old Republic") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Beneficiary. (Id. ¶¶ 3, 21.)

Plaintiff was allegedly channeled into this loan in late 2006 and early 2007, when she established a relationship with Community Residential Mortgage ("Community"), a mortgage brokerage company. (Id. ¶¶ 15-16.) Community allegedly directed plaintiff to apply for the loan on her own rather than jointly with her husband, as his credit issues would disqualify them for a loan. (Id. ¶ 18.) On the loan application and allegedly at Community's direction, plaintiff listed her husband's business as her own and overstated her monthly income. (Id. ¶ 18.) MortgageIT approved the loan application without verifying plaintiff's ability to pay. (Id. ¶ 19.) The loan allegedly contained a higher interest rate and extra and excess fees than what plaintiff agreed to with Community. (Id. ¶ 24.)

2

Plaintiff eventually defaulted on the loan, and on March 10, 2009, a Notice of Default and Election To Sell Under Deed of Trust was recorded in Solano County by NDEX West. (Id ¶ 31; Compl. Ex. E.) A Substitution of Trustee was recorded on April 24, 2009, which substituted NDEX West for Old Republic. (Id. ¶ 32.) On July 7, 2009, NDEX West recorded a Notice of Trustee's Sale. (Id. ¶ 33.)

Plaintiff filed this action in state court on November 25, 2009. (Notice of Removal (Docket No 1).) On January 14, 2010, defendant MortgateIT removed the action to this court, invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, based upon federal statutes referenced in plaintiff's claim for violation of California unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200. (Id.) Plaintiff's fourth cause of action for violation of the California UCL alleges, among other things, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f.

MortgageIT and HSBC Bank then moved to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Nos. 9, 11.) Those motions are currently pending.

II. Discussion

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action."

3

Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

A case "arises under" federal law when federal law either creates the cause of action or a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). When a plaintiff only pleads state causes of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded

4

state claims, or that one or the other claim is 'really' one of federal law." <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1383 (9th Cir. 1988) (citing <u>Franchise Tax</u>, 463 U.S. at 13).

### A. Substantial Federal Question

Plaintiff's Complaint does not plead any federal causes of action, but it does make references to federal statutes in its fourth cause of action for violations of the California UCL. (<u>See</u> Compl. ¶¶ 65, 67-68.) It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Lippitt v. Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting <u>Merrell Dow Pharm., Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986)). A substantial federal question does not exist simply because a complaint makes a mere reference to a federal statute. <u>Id.</u> at 1040-41; <u>see also</u> <u>Rains v. Criterion Sys. Inc.</u>, 80 F.3d 339, 344 (9th Cir. 1996) (references to Title VII are insufficient to establish federal jurisdiction in a wrongful termination action). Instead, the federal question must be "a <u>necessary</u> element of the well-pleaded state claim" or the plaintiff's right to relief must rely on the resolution of a substantial, disputed question of federal law. <u>Lippitt</u>, 340 F.3d at 1042.

Defendant MortgageIT cites <u>Moore v. Chase Bank</u>, No. 08-350, 2008 WL 314664 (N.D. Cal. Feb. 4., 2008) for the proposition that plaintiff's Complaint implicates federal jurisdiction on its face due to plaintiff's reliance on federal statutes in her UCL claim. In <u>Moore</u>, the plaintiff's complaint stated only state

causes of action, yet <u>multiple</u> causes of action--including causes of action for fraud and under the UCL--"contain[ed] predicate federal statutory violations" of, <u>inter alia</u>, TILA and RESPA. <u>Id.</u> at *2. Yet the Ninth Circuit has made clear that "[t]he invocation of federal law as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." <u>Rains</u>, 80 F.3d at 345; <u>see</u> <u>Montoya v. MortgageIT, Inc.</u>, No. 09-5889, 2010 WL 546891, at *2 (N.D. Cal. Feb. 10, 2010) (distinguishing <u>Moore</u>, discussing <u>Rains</u>, and granting plaintiff's motion to remand).

The court finds the circumstances in this case to be virtually identical to those in <u>Montoya</u>, and similarly finds <u>Rains</u> instructive. In her fourth cause of action, plaintiff alleges that MortgageIT and Community committed "unfair competition" through their previously alleged actions, and also alleges unfair competition through violations of California Financial Code section 50700(c) and California Business & Professions Code section 10163. (Compl. ¶¶ 61-70.) As Judge Illston explained in <u>Montoya</u>, "Here, as in <u>Rains</u>, it is state, not federal, law that creates the cause of action. The complaint's references to federal law do not convert the UCL claim into a federal cause of action." <u>Montoya</u>, No. 09-5889, 2010 WL 546891, at *3. Plaintiff's complaint clearly alleges both unfair practices and violations of federal law as the basis for her UCL claim. Her allegations of TILA, RESPA, and EOCA violations are not necessary elements of a well-pleaded UCL

claim, nor are they necessary to prevail on her UCL claim. Since plaintiff can prove all her claims independently under state law, an application of federal law is not a substantial or "necessary element" of the claims. See Fardella v. Downey Sav. & Loan Ass'n, No. 00-4394, 2001 WL 492442, at *3 (N.D. Cal. May 9, 2001).

    B.    Artful Pleading

"Under the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint. The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." Lippit, 340 F.3d at 1041. The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question." Id. (citations omitted). Because the well-pleaded complaint rule makes the plaintiff the master of its complaint, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. See Merrell Dow, 478 U.S. at 806 n.2, 809 n.6 (describing well-pleaded complaint and master of complaint rules).

HSBC also alleges that plaintiff's ninth claim for relief to set aside the trustee's sale in effect alleges and relies on a RESPA violation, thus raising a substantial federal question. Plaintiff's ninth cause of action asserts the

trustee's sale should be set aside because: "The Trust Deed was invalid because the amount stated on the Trustee Deed included the unconscionable and illegal Yield Spread Premium." (Compl. ¶ 91.) According to the plaintiff, the purchaser at the Trustee's sale was not a bonafide purchaser for value because it was aware the deed of trust was invalid. (Id. ¶ 92.) The Complaint fails to state how or under what statute the yield spread premium is allegedly "illegal," and HSBC correctly argues that yield spread premium disputes are often raised as RESPA violations. While plaintiff's Complaint is not elegantly pled, this claim for relief need not rely on proving a RESPA violation. Rather, California's UCL could also provide the statutory basis under which plaintiff could argue the yield spread premium was illegal. See, e.g., Wilmer v. Sunset Life Ins., 78 Cal. App. 4th 952, 964 (2000) (explaining that California's UCL outlaws "unfair" business practices that offend an established public policy, or are immoral, unethical, oppressive, injurious to customers, or unscrupulous).

HSBC makes similar arguments with respect to plaintiff's twelfth claim for relief for cancellation of a void instrument, arguing that the demand for rescission *might* rely on a TILA violation. For the same reasons explained above, the court finds this argument unconvincing.

The court therefore finds plaintiff's references to federal law insufficient to establish federal subject matter jurisdiction and will remand the case to state court.

///

///

IT IS THEREFORE ORDERED that defendants' pending
motions to dismiss and motion to strike be, and the same hereby
are, DENIED as moot, and this action be, and the same hereby is,
REMANDED to Superior Court of the State of California in and for
the County of Solano.

DATED:  March 24, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE